# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MATTIE R. HILL, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1] <br><br> Defendant. | Case No. CV 17-04089-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Mattie R. Hill ("Plaintiff") appeals the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

---

[1] On January 23, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

In August 2011, Plaintiff filed an application for SSI alleging disability beginning on December 31, 2010. See Administrative Record ("AR") 74. After her claim was denied both initially and upon reconsideration, she requested and received a hearing before an Administrative Law Judge ("ALJ"). See id. In December 2012, the ALJ issued an unfavorable decision finding Plaintiff not disabled. See AR 71-83. After the decision became final, Plaintiff re-applied for SSI on April 1, 2014, alleging disability beginning on September 1, 2011. See AR 8, 98. Her SSI application was denied on August 1, 2014. See AR 105-09. Plaintiff requested and received a hearing before a new ALJ on March 4, 2016, during which the ALJ heard testimony by Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See AR 42-70, 111-17. On April 8, 2016, the ALJ issued an unfavorable decision. See AR 8-16. The ALJ found that there was no presumption of continued nondisability under Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988), because new evidence had been admitted since the previous ALJ's determination, constituting a change in circumstances. See AR 8-9.

The ALJ determined that Plaintiff had severe osteoarthritis of the right shoulder, obesity, blurry vision, baker's cyst, tear of the meniscus of the right knee, and degenerative disc disease. See AR 11. However, she found that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. See id. The ALJ found that Plaintiff retained the residual functional capacity to perform light work, except that Plaintiff can carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for 6 hours in an 8-hour day; reach overhead with the right arm frequently; climb stairs, ramps, ladders, ropes, and scaffolds frequently; and balance, stoop, kneel, crouch, and crawl frequently. See AR 11-12. The ALJ limited Plaintiff

to reading ordinary newspaper or book print and determined that Plaintiff cannot have concentrated exposure to fumes, dust, odors, or pulmonary irritants. See AR 12. The ALJ determined that Plaintiff could not perform her past relevant work as a home health aide. See AR 14-15. Based on the VE's testimony, she found that Plaintiff could perform light work that was available in the national economy, such as companion or personal assistant. See AR 15-16. Thus, the ALJ concluded that Plaintiff was not disabled. See AR 16.

On April 28, 2017, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-4. Plaintiff then sought review by this Court. See Dkt. 1.

## II.
## DISCUSSION

The parties dispute whether the ALJ properly considered a third-party function report. See Joint Stipulation ("JS") at 3.

### A. Applicable Law

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006)); see also 20 C.F.R. § 416.913(d) (statements from spouses, parents, other relatives, and friends can be used to show severity of impairments and effect on ability to work).[2] Such testimony is competent evidence and "cannot be disregarded without

---

[2] Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final.").

3

comment." Bruce, 557 F.3d at 1115 (quoting Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) ("[T]he ALJ is required to account for all lay witness testimony in the discussion of his or her findings."). When rejecting the testimony of a lay witness, an ALJ must give specific reasons germane to that witness. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009).

**B.    Relevant Facts**

Plaintiff's roommate, Ernest Covington, completed a third-party function report in June 2014. See AR 235-42. In his report, Covington reported that he has known Plaintiff for two years and "periodically" spent time with her. AR 235. Covington reported that Plaintiff has joint pains and arthritis that left Plaintiff's functions "very limited." AR 235-36. Covington wrote that before Plaintiff's conditions began, she could go for long walks, hold a steady job, and function normally. See AR 236. However, it is now difficult for her to sleep, dress, and bathe. See id. Covington also reported that Plaintiff prepares full meals every day, though it takes her "a while," and that her conditions limit her to indoor chores. AR 237. Covington wrote that Plaintiff travels by walking and using public transportation, that she does not drive because she does not have a car, that she shops for food monthly, and that she attends church services twice a month. See AR 238-39. Covington reported that Plaintiff has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, and using her hands. See AR 240. He reported that Plaintiff could walk one block before requiring rest. See id. Covington also noted that Plaintiff uses a cane "at times, when the joint pain is severe," and "when she goes out walking." AR 241.

The ALJ gave "little weight" to Covington's report. AR 14. She noted that she had considered Covington's report that Plaintiff's ability to engage in daily activities were limited, that he observed Plaintiff sometimes use her cane,

4

and that Plaintiff could walk for less than a block before resting. See id. However, she found his observations "inconsistent with the medical evidence, including sporadic treatment of the claimant, which is generally conservative." Id. The ALJ also noted that the "statements by Mr. Covington are highly subjective and lack medically acceptable standards." Id.

**C.   Analysis**

Plaintiff contends that the ALJ failed to give germane reasons for rejecting Covington's report, did not indicate whether she accepted or rejected it, and did not summarize enough of Covington's statements. See JS at 4.

The ALJ validly discounted the report because Covington's statements were inconsistent with the record—particularly with Plaintiff's conservative treatment record. See AR 14. Inconsistency with medical evidence is a germane reason for discounting lay witness testimony. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). While Covington described Plaintiff's daily functions as very limited by her pain, Plaintiff's medical records reflect that medication and over-the-counter walking aids adequately addressed Plaintiff's symptoms. While Plaintiff visited medical professionals in 2014 and 2015, they were largely routine visits for medication refills. See, e.g., AR 347-50, 403-05. Even when Plaintiff received an MRI of her left knee, see AR 355-56, the pain appeared to be managed with medication alone, see AR 349-50.

Further, Covington's report conflicted with Plaintiff's positive response to conservative treatment. When presented with more aggressive treatment options, Plaintiff instead opted to continue with her current treatment of medication and walking aids. For example, medical records from July 2014 show that Plaintiff declined a steroid injection, so the physician instead prescribed over-the-counter inserts for her foot pain. See AR 346. Additionally, Plaintiff's doctor suggested physical therapy for her right shoulder pain, yet Plaintiff failed to follow through with treatment. See AR 472. "Impairments

that can be controlled effectively with medication are not disabling . . . ." Warre v. Comm'r of the Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). That Plaintiff declined more extensive treatment suggests that Plaintiff's symptoms were not as debilitating as those alleged by Covington. Rather, they appear to have been controlled by medication alone. Accordingly, the ALJ gave a germane reason for discounting Covington's report.

However, the ALJ erred when discounting Covington's report because his statements were highly subjective and lacked medically-acceptable standards. See AR 14. "Lay witnesses are not required to have medical training, or to provide exact details of their observations." Varone v. Colvin, No. 15-2988, 2016 WL 1559055, at *12 (C.D. Cal. Apr. 18, 2016). Covington's report appears no more subjective than expected of a lay witness's report. It addresses observable effects of Plaintiff's illnesses without opining on their medical causes. Nevertheless, any error was harmless. The ALJ gave a germane reason for discounting Covington's testimony—that it conflicted with Plaintiff's conservative treatment record. Because "it [is] clear from the record that [the] ALJ's error was 'inconsequential to the ultimate nondisability determination,'" the ALJ's error was harmless. Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56). Similarly, the ALJ's failure to summarize the entirety of Covington's report and specifically state whether she accepted or rejected the report were harmless. The ALJ addressed the lay witness report and gave it "little weight." Her decision not to repeat the entirety of Covington's report did not affect the outcome of Plaintiff's claim.

///
///
///
///
///

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 31, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge